IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JAN 20 PM 3: 15

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| THE VARSITY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: CV406-014 ) |
| THE JUNIOR VARSITY OF THE SOUTH, INC., TYLER PROPERTIES, INC., ROY L. TYLER, III, REGINALD C. HAUPT JR., and JONES LANG LASALLE INCORPORATED, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, The Varsity, Inc., for its Complaint against defendants The Junior Varsity of the South, Inc., Tyler Properties, Inc., Roy L. Tyler, III, Reginald C. Haupt Jr., and Jones Lang LaSalle Incorporated, hereby alleges as follows:

### Nature of the Action

1. This is an action for trademark infringement, unfair competition, and trademark dilution under federal and state law.

### The Parties

2. Plaintiff, The Varsity, Inc. ("Varsity"), is a corporation duly organized and existing under the laws of the State of Georgia. Its principal place of business is located at 61 North Avenue, N.W., Atlanta, Georgia 30308.

622745-2

3. Upon information and belief, defendant The Junior Varsity of the South, Inc. ("JVS") is a corporation organized and existing under the laws of the State of Georgia, having a place of business located at 138 Tiana Circle, Savannah, Georgia 31406.

4. Upon information and belief, defendant Tyler Properties, Inc. ("TPI") is a corporation organized and existing under the laws of State of Georgia, having a place of business located at 138 Tiana Circle, Savannah, Georgia 31406.

5. Upon information and belief, defendant Roy L. Tyler, III ("Tyler") is an individual and resident of the State of Georgia, who directs and controls the operations and activities of defendants JVS and TPI, and who has an address of 138 Tiana Circle, Savannah, Georgia 31406.

6. Upon information and belief, defendant Reginald C. Haupt Jr. ("Haupt") is an individual and resident of the State of Georgia, currently residing at 12502 Apache Avenue, Unit No. 12, Savannah, Georgia 31419.

7. Upon information and belief, defendant Jones Lang LaSalle Incorporated ("JLL") is a corporation organized and existing under the laws of Maryland, having a place of business located at Savannah Mall, 14045 Abercorn Street, Savannah, Georgia 31419.

### Jurisdiction and Venue

8. This Court has jurisdiction over the Lanham Act claims set forth below by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and over the state law claims set forth below by virtue of 28 U.S.C. §§ 1338(b) and 1367 and the doctrine of pendent jurisdiction.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to the claims herein occurred in this district and because the defendants are subject to personal jurisdiction herein under Georgia law.

**Plaintiff's Service Marks**

10.     Varsity is the owner or licensor of five restaurants operating under the name The Varsity and one under the name The Varsity Jr. (collectively, "the Varsity restaurants").

11.     Varsity's original and flagship restaurant, named The Varsity, opened in downtown Atlanta in 1928, and remains a thriving business to this day. This landmark drive-in restaurant can accommodate 600 cars, with room for more than 800 people inside. Up to 30,000 people eat at The Varsity on its busiest days, which usually coincide with Georgia Tech home football games.

12.     The Varsity chain has grown from its original, downtown location to a current total of six locations, spread among five Georgia communities: Alpharetta, Athens, Atlanta, Kennesaw, and Norcross. These include The Varsity Jr., on Lindbergh Drive in Atlanta, which has been in operation since 1964.

13.     The Varsity restaurants are famous for their hot dogs, burgers, fries, onion rings, chili, and fried pies, among other items. Through national exposure on network-television programs such as *The Today Show*, the fame of the Varsity restaurants has spread throughout Georgia and the rest of the United States. As described at the website *thevarsity.com*, all manner of celebrities, from movie stars to presidents, have eaten at the original Varsity restaurant during the 77 years it has been in business.

14.     On November 5, 1986, Varsity filed one of two applications with the U.S. Patent and Trademark Office ("USPTO") to register the mark THE VARSITY, in block-letter form (i.e., without limitation as to style of lettering), for restaurant services. On June 16, 1987, the USPTO granted U.S. Registration No. 1,443,672 to Varsity for THE VARSITY service mark. That

registration, which Varsity still owns to this day, is valid, subsisting, and incontestable. A copy of the registration certificate is attached hereto as Exhibit 1.

15. Varsity has continuously and extensively used THE VARSITY mark in commerce since at least as early as 1928, and in interstate commerce since at least as early as 1956, to identify its restaurant services and to distinguish them from the restaurant services of others. As a result of such usage, consumers have come to associate THE VARSITY mark with the Varsity restaurants.

16. The mark that was the subject of the second application that Varsity filed with the USPTO on November 5, 1986, features a stylized version of THE VARSITY name, together with an image of a football player:



This mark, referred to herein as THE VARSITY & Design mark, also covers restaurant services. On June 16, 1987, the USPTO granted U.S. Registration No. 1,443,673 to Varsity for THE VARSITY & Design service mark. That registration, which Varsity still owns to this day, is valid, subsisting, and incontestable. A copy of the registration certificate is attached hereto as Exhibit 2.

17. Varsity has continuously and extensively used THE VARSITY & Design mark in commerce since at least as early as 1949, and in interstate commerce since at least as early as 1956, to identify its restaurant services and to distinguish them from the restaurant services of

others. As a result of such usage, consumers have come to associate THE VARSITY & Design mark with the Varsity restaurants.

18. THE VARSITY and THE VARSITY & Design service marks are collectively referred to herein as "Varsity's Registered Marks."

19. On February 15, 2005, Varsity filed an application with the USPTO to register the mark THE VARSITY JR. for restaurant services. That application was assigned Serial No. 76/631,177. On November 8, 2005, the USPTO approved the application for publication, and it is expected to issue soon as a registration. Attached hereto as Exhibit 3 is a printout from the USPTO's website showing the current status of the 76/631,177 application. Upon registration, Varsity may seek to amend this Complaint to add a cause of action for infringement of THE VARSITY JR. mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20. Varsity's licensee has continuously and extensively used THE VARSITY JR. mark in commerce, including in interstate commerce, since at least as early as 1964, to identify its restaurant services and to distinguish them from the restaurant services of others. As a result of such usage, consumers have come to associate THE VARSITY JR. mark with the Varsity restaurants, and especially The Varsity Jr. restaurant.

21. Varsity is the current owner of THE VARSITY JR. mark, and its licensee's use of the mark inures to the benefit of Varsity.

22. THE VARSITY, THE VARSITY & Design, and THE VARSITY JR. service marks are referred to herein collectively as "the Varsity Marks."

23. The Varsity Marks are distinctive and unique. Through widespread and favorable public acceptance and recognition, the Varsity Marks have become valuable assets that

symbolize the Varsity restaurants, their quality service and food, and their reputation and goodwill.

24. The Varsity Marks are famous and have been so since long before defendants commenced their unlawful activities complained of herein.

### Defendants' Unlawful Activities

25. Upon information and belief, one or more of defendants JVS, TPI, Tyler, and Haupt recently opened a restaurant by the name of Junior Varsity in the food court of the Savannah Mall, located at 14045 Abercorn Street, Savannah, Georgia 31419.

26. The Junior Varsity restaurant offers many of the same types of foods that the Varsity restaurants are famous for, including hot dogs, burgers, fries, and onion rings. One of the menu items that the Junior Varsity restaurant offers is the uniquely-named "Glorified Burger," which, not coincidentally, is also the name of a burger offered at the Varsity restaurants.

27. The sign in front of the Junior Varsity restaurant includes the word "VARSITY" illuminated in neon letters across a football. Displayed much less prominently, and not in neon letters, is the word "Junior." Football is something that consumers closely associate with the Varsity restaurants, and is an element of THE VARSITY & DESIGN registered service mark.

28. Upon information and belief, one or more of defendants JVS, TPI, Tyler, and Haupt have adopted and used the Junior Varsity name with full knowledge of the Varsity Marks and their fame, and with the intention of trading upon the reputation and goodwill associated with the Varsity Marks.

29. Upon information and belief, the other(s) of defendants JVS, TPI, Tyler, and Haupt have induced, aided, partaken in, or otherwise encouraged the adoption and use of the Junior Varsity name. Upon information and belief, such other defendant(s) have known or have

had reason to know that the use of the Junior Varsity name infringes the Varsity Marks and dilutes their distinctiveness.

30. Upon information and belief, defendant JLL is the lessor of the space in the Savannah Mall occupied by the Junior Varsity restaurant. Upon information and belief, JLL has known or has had reason to know that the use of the Junior Varsity name infringes the Varsity Marks and dilutes their distinctiveness, yet JLL has permitted this unlawful use to continue on the leased premises.

31. Varsity has never in any way authorized, licensed, or consented to defendants' use of the Junior Varsity name.

32. On January 5, 2006, promptly after learning of the Junior Varsity restaurant, Varsity sent a letter to defendants Tyler and TPI (and, effectively, also to JVS, which Tyler is believed to control). In the letter, a copy of which is attached hereto as Exhibit 4, Varsity asserted that Tyler's and TPI's use of the Junior Varsity name infringes the Varsity Marks. Varsity demanded that they cease use of the Junior Varsity name within 10 days, i.e., before the opening of the mall on the morning of January 16, 2006. Varsity also had copies of the letter delivered to the Junior Varsity restaurant and defendant JLL.

33. On January 17, 2006, Varsity received a letter dated January 10, 2006, from JVS, a copy of which is attached hereto as Exhibit 5. In that letter JVS contends that its use of the name Junior Varsity does not infringe any of Varsity's trademark rights, and it offers only to display a disclaimer of any association with Varsity and to consider adjusting the wording of some of its menu selections. An attempt to reach JVS at the telephone number given in its letter has been met with the response that no one by that name resides at that number. Directory assistance has no telephone listings for JVS, TPI, Tyler, or Haupt.

34. As a direct and proximate result of defendants' unlawful acts, Varsity has suffered harm to its business, reputation, and goodwill that is severe and irreparable. Varsity lacks an adequate remedy at law for this harm. Unless restrained and enjoined by this Court, defendants will continue their unlawful acts, thereby causing Varsity further irreparable harm.

## COUNT I
### Federal Trademark Infringement

35. This is a claim arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, based on defendants' infringement and contributory infringement of Varsity's Registered Marks.

36. Varsity incorporates by reference each and every allegation of paragraphs 1 through 35 of this Complaint, as though set forth here in their entirety.

37. Defendants' aforesaid acts constitute an unauthorized use in commerce of a copy or colorable imitation of Varsity's Registered Marks that is likely to cause confusion, to cause mistake, and to deceive.

38. Upon information and belief, defendants' aforesaid acts have resulted in actual confusion, mistake, and deception.

39. Upon information and belief, each of defendants JVS, TPI, Tyler, and Haupt has willfully committed the acts complained of herein, or has induced, aided, partaken in, or otherwise encouraged such acts, with knowledge of Varsity's Registered Marks, and with the intent to cause confusion, to cause mistake, and to deceive.

40. Upon information and belief, defendant JLL has known or has had reason to know that the use of the Junior Varsity name is an unlawful infringement of Varsity's Registered Marks, yet JLL has permitted such use to continue on the leased premises.

41. Since in or around 1987, Varsity has given notice that THE VARSITY and THE VARSITY & Design marks are registered in the USPTO by displaying the letter R enclosed

within a circle (®) with the marks as used. Varsity has requested that defendants cease and desist from further acts of infringement and has given defendants actual notice of Varsity's registrations, but defendants' infringement continues.

42. Upon information and belief, defendants' aforesaid acts constitute a willful and deliberate violation of 15 U.S.C. § 1114.

## COUNT II
## Federal Unfair Competition In Violation Of 15 U.S.C. § 1125(a)

43. This is a claim arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on defendants' infringement and contributory infringement of Varsity's common-law rights in the Varsity Marks and other acts of unfair competition.

44. Varsity incorporates by reference each and every allegation of paragraphs 1 through 43 of this Complaint, as though set forth here in their entirety.

45. Defendants' aforesaid acts constitute the unauthorized use in commerce of a word, term, name, symbol, or device, or combination thereof, or a false designation of origin or false or misleading representation of fact, that is likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, or approval of defendants' services, by leading members of the public to mistakenly assume that the Junior Varsity restaurant is somehow connected to the Varsity restaurants.

46. Upon information and belief, defendants' aforesaid acts have resulted in actual confusion, mistake, and deception.

47. Upon information and belief, each of defendants JVS, TPI, Tyler, and Haupt has willfully committed the acts complained of herein, or has induced, aided, partaken in, or otherwise encouraged such acts, with knowledge of Varsity's Registered Marks, and with the intent to cause confusion, to cause mistake, and to deceive.

48. Upon information and belief, defendant JLL has known or has had reason to know that the use of the Junior Varsity name is unlawful, yet JLL has permitted such use to continue on the leased premises.

49. Upon information and belief, defendants' aforesaid acts constitute a willful and deliberate violation of 15 U.S.C. § 1125(a).

## COUNT III
### Trademark Dilution In Violation 15 U.S.C. § 1125(c)

50. This is a claim arising under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), based on defendants' dilution and contributory dilution of the Varsity Marks.

51. Varsity incorporates by reference each and every allegation of paragraphs 1 through 50 of this Complaint, as though set forth here in their entirety.

52. Defendants' aforesaid acts are causing dilution of the distinctive quality of the Varsity Marks.

53. Upon information and belief, each of defendants JVS, TPI, Tyler, and Haupt adopted and began to use the Junior Varsity name, or at least induced, aided, partook in, or otherwise encouraged the adoption and use of the Junior Varsity name, after the Varsity Marks had become famous, with full knowledge of the Varsity Marks and with the intention of trading on Varsity's reputation and goodwill and causing dilution of the Varsity Marks.

54. Upon information and belief, defendant JLL has known or has had reason to know that the use of the Junior Varsity name dilutes the Varsity Marks, yet JLL has permitted this unlawful use to continue on the leased premises.

55. Upon information and belief, defendants' aforesaid acts constitute a willful and deliberate violation of 15 U.S.C. § 1125(c).

## COUNT IV
### Common Law Misappropriation Of Advertising Ideas Or Style Of Doing Business

56.     This is a claim for misappropriation of Varsity's advertising ideas and style of doing business that arises under Georgia common law.

57.     Varsity incorporates by reference each and every allegation of paragraphs 1 through 56 of this Complaint, as though set forth here in their entirety.

58.     Defendants' aforesaid acts constitute the misappropriation of Varsity's advertising ideas (the Varsity Marks) by the wrongful taking of the manner by which Varsity and its licensees advertise and market their services.

59.     By virtue of these acts, defendants have misappropriated Varsity's style of doing business.

## COUNT V
### Common Law Trademark Infringement

60.     This is a claim for trademark infringement arising under Georgia common law.

61.     Varsity incorporates by reference each and every allegation of paragraphs 1 through 60 of this Complaint, as though set forth here in their entirety.

62.     Defendants' aforesaid acts are likely to confuse and mislead the public into believing that defendants' services are associated with or related to Varsity and its Marks.

## COUNT VI
### Georgia Deceptive Trade Practices Act

63.     This is a claim arising under the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

64.     Varsity incorporates by reference each and every allegation of paragraphs 1 through 63 of this Complaint, as though set forth here in their entirety.

65. Defendants' aforesaid acts are likely to confuse and mislead the public into believing that defendants' services are associated with or related to Varsity and its Marks.

### COUNT VII
### Georgia Anti-Dilution Statute

66. This is a claim arising under the Georgia Anti-Dilution Statute, O.C.G.A. § 10-1-451(b).

67. Varsity incorporates by reference each and every allegation of paragraphs 1 through 66 of this Complaint, as though set forth here in their entirety.

68. Defendants' aforesaid acts have caused or are likely to cause injury to the business reputation of Varsity and dilution of the distinctiveness of the Varsity Marks.

### Prayer for Relief

WHEREFORE, Varsity prays:

(a) That defendants, their officers, agents, servants, and employees, and all others in privity or active concert or participation with them or on their behalf, be preliminarily and permanently enjoined and restrained from:

    (i) using the Junior Varsity name for restaurant services or services or goods related thereto;

    (ii) using any other designation similar to the Varsity Marks that is likely to cause confusion, to cause mistake, or to deceive, or that causes dilution of the Varsity Marks;

    (iii) using any false designation of origin or false or misleading description that is likely to lead consumers to believe that any service or good offered by defendants is in any manner associated or connected with Varsity, or is sold, licensed, sponsored, approved, or authorized by Varsity;

    (iv)  engaging in any other activity constituting an infringement or dilution of the Varsity Marks;

    (v)  otherwise competing unfairly with Varsity; and

    (vi)  assisting, aiding, or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs i) through v) above.

  (b)  That defendants be ordered to file with the Court and serve on Varsity, within 30 days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

  (c)  For a judgment that defendants have infringed and diluted and contributed to the infringement and dilution of the Varsity Marks, that defendants have engaged in unfair competition under the Lanham Act and Georgia law by the acts complained of herein, that said acts have irreparably damaged Varsity, and that defendants' actions have been willful and intentional.

  (d)  That defendants be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession that bear the Junior Varsity name, pursuant to 15 U.S.C. § 1118.

  (e)  That defendants, jointly and severally, be ordered to:

    (i)  pay to Varsity a sum equal to all of defendants' profits from sales made by the Junior Varsity restaurant, pursuant to 15 U.S.C. § 1117(a);

    (ii)  pay to Varsity a sum equal to three times the actual damages sustained by Varsity as a result of defendants' unlawful acts, pursuant to 15 U.S.C. § 1117(a) and 1125(c)(2);

      (iii)    pay the costs of this action, pursuant to 15 U.S.C. § 1117(a) and O.C.G.A. § 13-6-11; and

      (iv)    pay Varsity's reasonable attorney fees, pursuant to 15 U.S.C. § 1117(a) and O.C.G.A. § 13-6-11, due to the exceptional nature of this case.

      (f)    That Varsity be granted such other relief as the Court deems just and proper.

### Jury Demand

Varsity hereby demands a jury trial as to all issues so triable.

This 20 day of January, 2006.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____
John M. Tatum
State Bar Number 699000
200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261

Attorneys for Plaintiff

OF COUNSEL

John W. Behringer
Edmund J. Haughey
FITZPATRICK, CELLA, HARPER & SCINTO
1900 K Street, NW
Washington, DC 20006-1110
(202) 530-1010